UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                 :

CHANEL INC.,                                            :

                                                                 :      Civil Action No.

                                                                  :      21 CV 03238

                       Plaintiff,    :

       -against-                                :

JARA EISEN also known as JARA FELDMAN  :
EISEN doing business as DESIGNER-ISH,      :
SOJARA DESIGNS INC. doing business as        :
SOJARA, SOJARA.COM and DESIGNER-ISH, :
SJ DESIGNS INC. doing business as SOJARA,  :
SOJARA.COM and DESIGNER-ISH, VARIOUS :
JOHN DOES, JANE DOES, and                   :
XYZ COMPANIES,                                  

                           Defendants.    :
------------------------------------------------------------X

## PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT

WHEREAS, on April 14, 2021, Chanel Inc. ("Chanel") commenced this action in the United States District Court, Southern District of New York, Civil Action No. 21 CV 03238 against Jara Eisen also known as Jara Feldman Eisen doing business as Designer-ish ("Eisen"), Sojara Designs Inc. doing business as Sojara, Sojara.com and Designer-ish ("SDI"), SJ Designs Inc. doing business as Sojara, Sojara.com and Designer-ish ("SJDI") (hereinafter Eisen, SDI and SJDI collectively referred to as "Defendants"), in which Chanel sought, *inter alia*, injunctive relief and damages for alleged acts of trademark counterfeiting, trademark infringement, false designation of origin, false advertising, trademark dilution and unfair competition arising out of

Defendants' design, manufacture, advertisement, offer for sale and sale of apparel bearing unauthorized reproductions, copies, counterfeits and colorable imitations of the following Chanel trademarks (the "Offending Goods") registered with the United States Patent and Trademark Office (hereinafter collectively the CHANEL Trademarks):

| TRADEMARK | REG. NO. | REG. DATE | RELEVANT GOODS |
|---|---|---|---|
| (CC logo) | 3,025,936 | 12/13/2005 | Eyeglass frames, sunglasses, gloves, swimwear, hair accessories, barrettes |
| | 4,241,822 | 11/13/2012 | Clothing, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, hats, scarves, ties, gloves, footwear, hosiery |
| (CC logo) | 1,501,898 | 8/30/1988 | Keychains, costume jewelry, blouses, shoes, belts, scarves, jackets, men's ties, brooches, buttons for clothing |
| (CC in circle logo) | 1,241,264 | 6/7/1983 | Suits, jackets, Skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| | 1,271,876 | 3/27/1984 | Clothing- namely, coats, dresses, blouses, raincoats, suits, skirts, cardigans, sweaters, pants, jackets, blazers and shoes |
| CHANEL | 0,902,190 | 11/10/1970 | Bracelets, pins and earrings |
| | 3,133,139 | 8/22/2006 | Jewelry and watches |
| | 0,906,262 | 1/19/1971 | Coats, suits, blouses and scarves |
| CHANEL | 1,241,265 | 6/7/1983 | Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| CHANEL | 1,177,400 | 11/10/1981 | Hats, shawls and belts |
| CHANEL (logo) | 1,329,750 | 4/9/1985 | Blouses, skirts, sweaters, cardigans, dresses |

WHEREAS, Defendants were served with the Summons and Complaint on April 14, 2021 and April 15, 2021 respectively, and have not filed any responsive pleadings;

WHEREAS, Defendants acknowledge that they have been afforded an opportunity to consult with, and have consulted with, attorneys of their own choice in connection with the execution of this permanent injunction, and have relied upon the advice of such attorneys in executing same;

WHEREAS, Defendants have reviewed and agreed to this permanent injunction, and that no promise or threat of any kind has been made by Chanel, to induce Defendants to consent to the entry of this Permanent Injunction other than those terms included in the Parties' Settlement Agreement dated August 30, 2021;

WHEREAS, this Court having jurisdiction over the parties and the subject matter of this action pursuant 15 U.S.C. § 1114, 1117 and 1125(a), and under 28 U.S.C. §§ 1331, 1338 and 1367 and venue being proper pursuant to 28 U.S.C. §1391(b) and (c);

IT IS HEREBY ORDERED, ADJUDGED AND DECREEED THAT:

1. Defendants their respective principals, officers, members, employees, successors and assigns and any other individuals or entities acting under direct or indirect concert or participation with them are hereby PERMANENTLY ENJOINED and RESTRAINED from:

(a) the design, manufacture, advertisement, distribution, offer for sale, sale of the Offending Goods;

(b) using the CHANEL Trademarks on any product, service or packaging or in connection with the advertising, promotion, or marketing of any products, whether in printed materials, oral representations, or online content such as websites, social media, keyword search advertising and meta-tags;

(c) imitating, copying or making unauthorized use of the CHANEL Trademarks;

(d) designing, manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the CHANEL Trademarks;

(e) using any unauthorized colorable imitation of the CHANEL Trademarks in connection with the design, manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Chanel or to any goods sold, sponsored, approved by, or connected with Chanel;

(f) using any unauthorized colorable imitation of the CHANEL Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Chanel's image, trade names or reputation or the distinctive quality of the CHANEL Trademarks;

(g) engaging in any other activity constituting unfair competition with Chanel or constituting an infringement of the CHANEL Trademarks or of Chanel's rights in, or its right to use or exploit such trademarks, or constituting dilution of the CHANEL Trademarks, and the reputation and the goodwill associated therewith;

(h) making any statement or representation whatsoever, with respect to the Offending Goods, that falsely designates the origin of the products as those of Chanel, or that is false or misleading with respect to Chanel; and

(i) engaging in any other activity, including applying or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of any of the CHANEL Trademarks or the effectuation of any

assignments or transfers of its interests in unauthorized colorable imitations of the CHANEL Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 2(h) above.

2. Defendants acknowledge the validity of the CHANEL Trademarks and agree not to contest the validity or fame of such trademarks or Chanel's ownership rights therein, in any future proceedings between the parties and to further refrain from contributing to, assisting in, or inducing or encouraging any other individuals and/or entities to challenge or infringe the CHANEL Trademarks;

3. Defendants are directed to file and serve on Chanel within thirty (30) days after the entry of this Permanent Injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

4. This Court retains jurisdiction of this action for the purpose of enforcing the provisions of this Permanent Injunction and Final Judgment on Consent by way of contempt or otherwise;

5. The Parties waive appeal of this Permanent Injunction and Final Judgment on Consent;

6. Each Party to this Permanent Injunction and Final Judgment on Consent shall bear its own costs, expenses and attorneys' fees in this action, subject to the Parties' Settlement Agreement.

7. This Permanent Injunction and Final Judgment on Consent shall operate as the final judgment in this action as to the Defendants.

CHANEL, INC.

By: _____
Name: CORA WOFFORD
Title: Head of IP

Dated: New York, New York
August 27, 2021

SOJARA DESIGNS, INC.

By: _____
Name: Jara Eisen
Title: President

Dated: Miami, Florida
8-30, 2021

SJ DESIGNS, INC.

By: _____
Name: Jara Eisen
Title: President

Dated: Miami, Florida
8-30, 2021

_____
Jara Eisen

Dated: Miami, Florida
8-30, 2021

SO ORDERED:

_____
The Honorable Jesse M. Furman, U.S.D.J.

DATED: August 31, 2021
New York, NY

Per Paragraph 4.B of the Court's Individual Rules and Practices for Civil Cases, the Court will not retain jurisdiction to enforce a settlement unless the parties make the settlement agreement part of the public record. In light of that, and for avoidance of doubt, the Court retains jurisdiction for purposes of enforcing *this* Order, but not any other agreement between the parties. If the parties wish for the Court to retain jurisdiction to enforce any *other* agreement, they shall file it publicly within one week of this Order. The Clerk of Court is directed to terminate ECF No. 26 and close this case.